E-FILED
Thursday, 05 November, 2026 02:27:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **JOSHUA POE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-4119** |
| | ) | |
| **ROY LITTLE *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Joshua Poe, an inmate at Hill Correctional Center ("Hill"). Plaintiff has also filed Motions for Status. (Docs. 10, 11.)

## I. Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

The following events occurred at Hill. Plaintiff names former Warden Tyrone Baker, Lieutenant Roy Little, and Corrections Officer Jamar Range as Defendants.

Lieutenant James Johnson issued disciplinary ticket 2025008645/1, alleging that Plaintiff violated Rule 215, which prohibits disobeying a direct order. Little explained that at 7:50 am on June 11, 2025, he arrived at Plaintiff's cell but failed to submit to restraints so that he could be transported to crisis watch, as requested by a Mental Health Professional.

Lieutenant Martin Matherly issued disciplinary ticket 202500864/1, alleging Plaintiff violated Rule 215. On June 11, 2025 at 9:50 am, Matherly was performing his duties as extraction team leader when he ordered Plaintiff to cuff up several times, but Plaintiff submitted only after Matherly deployed oleoresin capsicum (i.e., pepper spray).

Lieutenant Johnson issued disciplinary ticket 202500866/1, alleging Plaintiff violated Rule 215. Cox explained that at 8:50 am on June 12, 2025, Plaintiff refused Johnson's orders to leave Mental Health and go back to his cell.

Lieutenant Aaron Cox issued disciplinary ticket 202500867/1, alleging Plaintiff violated Rule 215. Cox explained that during his 7:00 am to 3:00 pm shift on June 12, 2025, Cox escorted Plaintiff to his cell from Mental Health, but Plaintiff refused Cox's orders to relinquish control of the jumpsuit given to Plaintiff when he was taken to Mental Health.

On June 23, 2025, Defendant Range served Plaintiff with all four disciplinary tickets. On June 24, 2025, Defendants Little and Range, acting as Adjustment Committee members, considered the four disciplinary tickets in separate proceedings. Although Plaintiff pleaded not guilty to the alleged conduct, the Committee provided a synopsis of the evidence it relied upon to conclude that Plaintiff disobeyed orders as alleged. The Committee recommended the following restrictions: three months C grade and twenty-one days segregation for disciplinary ticket 202500864, two months C grade and fourteen days segregation for disciplinary ticket 202500865, four months C grade and twenty-eight days segregation for disciplinary ticket 202500866, and four months C grade and twenty-eight days segregation for disciplinary ticket 202500867. Defendant Baker concurred with each of the Committee's recommendations.

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–

29 (2005); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

Informal due process "requires that prisoners in disciplinary proceedings be given: '(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.'" *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)).

Plaintiff claims that he was not properly served with the disciplinary tickets mentioned, explaining that Illinois Department of Corrections policy requires service within eight days of the alleged incident, which did not occur. However, "42 U.S.C. §1983 does not authorize federal courts to order state officials to pay damages for violations of state law; remedies in §1983 suits are for violations of federal law only." *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017); *see also Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004) ("[T]he mere fact that state rules or statutes are violated does not in and of itself amount to a constitutional violation or give rise to an actionable § 1983 claim.").

Furthermore, as the United States Supreme Court held in *Sandin v. Conner*, a prison disciplinary sanction implicates a protected liberty interest only when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). "[S]ince the Court decided *Sandin*, [the Seventh

Circuit has] repeatedly determined that even extremely harsh prison conditions may not be so 'atypical' as to create the liberty interest the Court contemplated." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (holding that conditions did not impose "atypical and significant hardship" where plaintiff "was not deprived of all human contact and was permitted to use the shower and prison yard once every week"); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (holding that ninety days in disciplinary segregation was not, by itself, sufficiently long to constitute an atypical and significant hardship).

Plaintiff further claims that the Committee did not call the witnesses he requested, whom he claims would have provided evidence refuting the allegations. However, under informal due process, "inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses." *Westefer*, 682 F.3d at 685; *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("The Constitution . . . do[es] not confer upon prisoners the right to call witnesses to present evidence when . . . only lesser penalties were imposed, namely a fortnight's deprivation of movie and commissary privileges.").

Consequently, Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file an amendment, the pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the

Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's Motions for Status are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Docs. 10, 11) are MOOT.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 5, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE